IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN E.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | § § § § § § § § § § § § Civil Action No. 7:25-CV-00013-BU |

## ORDER CLOSING CASE

Plaintiff John Espinoza has notified the Court that he no longer wishes to pursue his claims. Dkt. No. 16. He now moves this Court to dismiss this case and all claims under Federal Rule of Civil Procedure 41(a)(1). *Id*.

When conducting judicial review of a social security decision, a supplemental set of procedural rules govern the case. *See* Fed. R. Civ. P. SUPP SS 1. However, the Federal Rules of Civil Procedure also apply to these proceedings if such application does not conflict with the supplemental rules. *Id*.

Finding no conflict between Federal Rule of Civil Procedure 41 and the supplemental rules, the Court construes the Motion as a self-executing notice of dismissal under Rule (a)(1)(A)(i). Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action without

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

prejudice, absent a court order, if they file such notice prior to the opposing party's answer or motion for summary judgment. Here, the Commissioner has not yet filed an answer.

"The effect of a Rule 41(a) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit." Fed. R. Civ. P. 41(a)(1)(A)(i); *ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, Plaintiff, v. BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, Defendant.*, No. 3:24-CV-2001-B, 2025 WL 790634, at *3 (N.D. Tex. Mar. 12, 2025). Once a notice or stipulation of dismissal under Rule 41(a)(1)(A) is filed, the Court loses jurisdiction over the litigation and the case is effectively terminated apart from certain ancillary matters. *Bechuck*, 814 F.3d at 291 (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010).

Thus, because Espinoza has effectively given notice of his intent to dismiss this case prior to the Commissioner's answer, the Clerk of Court is directed to CLOSE this case and TERMINATE any pending motions consistent with Federal Rule of Civil Procedure 41(a)(1)(A)(i).[2]

ORDERED this 19th day of March 2025.

                                                JOHN R. PARKER
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] It appears to the Court that Espinoza is attempting to obtain SSDI benefits on behalf of his minor children, and that he likely filed this action prior to completing the administrative process with the SSA. If Espinoza wishes to complete an application he previously filed with the SSA or file a new application, he may do so by calling the SSA at 1-800-325-0778 or online at https://secure.ssa.gov/iClaim/rib. If Espinoza is deaf or hard of hearing, he may call the SSA at 1-800-325-0778.